IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x
PNC BANK, National Association,                                         :
                                                                        :
                Plaintiff,                                              :
                                                                        :
        v.                                                              :    2:09-cv-245
                                                                        :
NEUBERGER BERMAN, LLC,                                                  :    Judge Terrence F. McVerry
                                                                        :
                Defendant.                                              :
                                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x
```

## Fed. R, Civ. P. 26(f) REPORT OF THE PARTIES

Counsel for Plaintiff, PNC Bank, National Association and Defendant Neuberger Berman, LLC file this Fed.R.Civ.P. 26(f) Report of the Parties, pursuant to the Order entered April 8, 2009:

1.  **Identification of Counsel**:

| | |
|---|---|
| Stanley Yorsz | Russell D. Giancola |
| Kathleen Jones Goldman | Frederick B. Goldsmith |
| Buchanan Ingersoll & Rooney PC | Goldsmith & Ogrodowski, LLC |
| One Oxford Centre, 20th Floor | 247 Fort Pitt Boulevard, 4th Floor |
| 301 Grant Street | Pittsburgh, PA  15222 |
| Pittsburgh, PA  15219 | Phone: (412) 281-4340 |
| Phone: (412) 562-8800 | Fax: (412) 281-4347 |
| Fax: (412) 562-1041 | rdg@golawllc.com |
| stanley.yorsz@bipc.com | fbg@golawllc.com |
| kathleen.goldman@bipc.com | |
| | Melvin A. Brosterman |
| Attorneys for Plaintiff, PNC Bank, National Association | Quinlan D. Murphy |
| | Stroock & Stroock & Lavan LLP |
| | 180 Maiden Lane |
| | New York, NY  10038 |
| | Phone:  (212) 806-5400 |
| | Fax:  (212) 806-6006 |
| | mbrosterman@stroock.com |
| | qmurphy@stroock.com |
| | |
| | Attorneys for Neuberger Berman, LLC |

2.  **The general nature of the case**:

This is a breach of contract action in which PNC Bank, National Association (*PNC*) asserts that Neuberger Berman, LLC (*Neuberger Berman*) failed to honor the terms of an August 6, 2008 agreement between the parties for the exchange of currency.

Neuberger Berman intends to file, no later than June 1, 2009, an interpleader action in the United States Bankruptcy Court for the Southern District of New York (*Bankruptcy Court*), seeking the interpleader of PNC and Lehman Brothers Commercial Corporation (*LBCC*), so that the Bankruptcy Court may determine among them the respective rights of PNC and LBCC to funds Neuberger Berman is obligated to pay pursuant to certain agreements concerning the exchange of currency (*Interpleader Case*).

PNC reserves its rights to contest the jurisdiction of any other court to resolve the matters at issue between PNC and Neuberger Berman.

3.  **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said conference:**

Pursuant to Fed. R. Civ. P. 26(f), a telephone conference was held on April 29, 2009 at 5:30 p.m. and was attended by Stanley Yorsz and Kathleen Jones Goldman on behalf of the Plaintiff and Quin Murphy on behalf of the Defendant.

4.  **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**

Friday, June 12, 2009 at 8:30 a.m. in Courtroom No. 6C, 6th floor, U.S. Post Office and Courthouse, Pittsburgh, Pennsylvania.

5.  **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed.R.Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

Plaintiff does not anticipate filing a dispositive motion pursuant to Fed.R.Civ.P. 12.

Defendant may file a dispositive motion pursuant to Fed.R.Civ.P. 12 on or before August 1, 2009 or within ten (10) days of an order of the Bankruptcy Court dismissing the Interpleader Case or transferring the Interpleader Case to this Court, whichever is later.

PNC reserves its right to contest the jurisdiction of any other court to resolve issues between PNC and Neuberger Berman. Moreover, PNC reserves the right to object to the filing of any dispositive motions pursuant to Fed.R.Civ.P. 12 beyond August 1, 2009.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

The parties have designated mediation as the ADR process and selected and specify that the mediation will occur on or before September 15, 2009.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed.R.Civ.P. Rule 26(a) disclosures, whether such changed is opposed by any other party, whether any party has filed a motion seeking such changes and whether any such motion has been rule on by the Court:.**

The parties agree that they will complete and serve the initial disclosures required by Rule 26(a)(1) by June 1, 2009.

8. **Subjects on which discovery may be needed.**

   A. **By Plaintiff**:

   Plaintiff contends that the operative facts in this matter are clear and little discovery will be required. Some limited discovery may be necessary on the following subjects:

   i. The formation of the August 6, 2008 agreement for the exchange of currency between PNC and Neuberger Berman;

   ii. The Affirmative Defense asserted by the Defendant.

    B.    **By Defendant**:

        Defendant believes that discovery will be needed on the following subjects:

        i.    The agreement for exchange of currency alleged in the complaint;

        ii.    The role of LBCC in the agreement for the exchange of currency alleged in the complaint;

        iii.    The allegations asserted in the complaint by the Plaintiff.

9.    **Suggested Discovery Deadlines**.

    A.    **Dates on which disclosures required by Fed.R.Civ.P. 26(a) have been or will be made:**

        Plaintiff's disclosures to be made by June 1, 2009;
        Defendant's disclosures to be made by June 1, 2009;

    B.    **Date by which any additional parties shall be joined:**

        August 1, 2009, or within ten (10) days of an order of the Bankruptcy Court dismissing the Interpleader Case or transferring the Interpleader Case to this Court, whichever is later.

        PNC reserves its right to contest the jurisdiction of any other court to resolve issues between PNC and Neuberger Berman. Moreover, PNC reserves its right to object to the joinder of additional parties after August 1, 2009.

    C.    **Date by which the pleadings shall be amended:**

        August 1, 2009, or within ten (10) days of an order of the Bankruptcy Court dismissing the Interpleader Case or transferring the Interpleader Case to this Court, whichever is later.

        PNC reserves its right to contest the jurisdiction of any other court to resolve issues between PNC and Neuberger Berman. Moreover, PNC reserves its right to object to the amendment of pleadings after August 1, 2009.

    D.    **Date by which fact discovery should be completed:**

        September 15, 2009

      **E.**    **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

      Not applicable.

      **F.**    **Date by which Plaintiff's expert report(s) should be filed:**

      Not applicable.

      **G.**    **Date by which depositions of Plaintiff's expert(s) should be completed:**

      Not applicable.

      **H.**    **Date by which Defendants expert report(s) should be filed:**

      Not applicable.

      **I.**    **Date by which depositions of Defendant's expert(s) should be completed:**

      Not applicable.

      **J.**    **Date by which third party expert reports should be filed:**

      Not applicable.

      **K.**    **Date by which depositions of third party's expert(s) should be completed.**

      Not applicable.

10.    **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

The parties accept the discovery limits set forth in the Federal Rules of Civil Procedure and the rules of this Court.

11. **Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information:**

Yes. The parties have considered the need for special deadlines, procedures and/or orders of court dealing with discovery Electronic Discovery and have determined that they are not necessary.

12. **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:**

   A. **Settlement and/or transfer to an ADR procedure:**

   B. **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f through 9.k above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;**

   C. **Dates by which dispositive motions pursuant to Fed.R.Civ.P. 56, replies thereto and responses to replies should be filed;**

   D. **Dates by which parties' pre-trial statements should be filed;**

   E. **Dates by which *in limine* and Daubert motions and responses thereto should be filed;**

   F. **Dates on which motions *in limine* and Daubert motions shall be heard;**

   G. **Dates proposed for final pre- trial conference;**

   H. **Presumptive and final trial dates.**

The parties elect to have the court schedule a post-discovery status conference to discuss the above matters.

13. **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed.R.Civ.P. 16(b) or 26(c).**

None

6

14. **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may be required to have in order to perform such role:**

The parties do not anticipate that the Court will have to appoint a special master.

15. **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in Paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

Plaintiff and Defendant through their counsel have agreed to all matters set forth in this Fed.R.Civ.P. 26(f) Report of Parties.

16. **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

The parties have attempted to settle this action and are currently at an impasse.

| BUCHANAN INGERSOLL & ROONEY PC | GOLDSMITH & OGRODOWSKI, LLC |
|---|---|
| By:  /s/ Stanley Yorsz<br>Stanley Yorsz<br>Pa. Id. No. 28979<br>Kathleen Jones Goldman<br>Pa. Id. #90380<br>One Oxford Centre<br>301 Grant Street, 20th Floor<br>Pittsburgh, PA 15219-1410<br>(412) 562-8800<br><br>Attorneys for PNC Bank, National Association | By:  /s/ Russell D. Giancola<br>Russell D. Giancola<br>Frederick B. Goldsmith<br>247 Fort Pitt Boulevard, 4th Floor<br>Pittsburgh, PA 15222<br>Phone: (412) 281-4340<br><br>Attorneys for Neuberger Berman, LLC |