**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PNC BANK, National Association,<br><br>Plaintiff,<br><br>v.<br><br>NEUBERGER BERMAN, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. 2:09-cv-000245-TFM<br><br>Terrence F. McVerry |

**JOINT STATUS REPORT**

Counsel for Plaintiff, PNC Bank, National Association ("PNC") and Defendant, Neuberger Berman, LLC ("Neuberger Berman"), file this Joint Status Report of the parties pursuant to the Court's Order entered on March 15, 2010:

1. On June 1, 2009, Neuberger Berman filed a Complaint for Interpleader against PNC, Lehman Brothers, Inc. ("LBI") and Lehman Brothers Commercial Corp. ("LBCC") in the United States Bankruptcy Court for the Southern District of New York captioned as *Neuberger Berman, LLC vs. PNC Bank, National Association, Lehman Brothers, Inc. and Lehman Brothers Commercial Corp.*, Adversary Proceeding No. 09-01258 (the "Adversary Proceeding").

2. On July 2, 2009, PNC filed a Motion for an Order Dismissing the Case for Lack of Jurisdiction or, in the Alternative, Lifting the Automatic Stay ("Motion to Dismiss") in the Adversary Proceeding based on the argument that the Bankruptcy Court for the Southern District of New York did not have jurisdiction to address the dispute between PNC and Neuberger Berman, which is pending before this Court.

3. PNC argued that as the Agreement for the Exchange of Foreign Currency between Neuberger Berman and PNC ("Currency Exchange Agreement") was the subject of both the

Adversary Proceeding and the matter pending before this Court, it should be determined by this Court.

4. PNC also noted that the Currency Exchange Agreement was never fulfilled and no funds were deposited in any LBI or LBCC account. Accordingly, LBI and LBCC had no basis to assert a claim to the funds at issue which were subject only to the Agreement between PNC and Neuberger Berman.

5. For over five (5) months, LBCC maintained that it was unable to determine whether it had any interest in the Agreement. Then, during a November 19, 2009 hearing, counsel for LBCC represented that it had documents in its possession establishing its interest in the Agreement.

6. On November 20, 2009, PNC served LBCC with its First Request for Production of Documents, to which LBCC has failed to respond.

7. On December 3, 2009, the Bankruptcy Court for the Southern District of New York issued a ruling denying PNC's Motion to Dismiss.

8. On January 21, 2010, PNC filed its Answer to Neuberger Berman's Complaint for Interpleader, as well as Affirmative Defenses, Statement of Claim and Counterclaim. On February 11, 2010, Neuberger Berman filed its Reply to PNC's Counterclaim.

9. The parties are now attempting to obtain a scheduling order from the Bankruptcy Court for the Southern District of New York.

By: /s/Kathleen Jones Goldman
Stanley Yorsz
Kathleen Jones Goldman
Buchanan Ingersoll & Rooney PC
One Oxford Centre, 20th floor
301 Grant Street
Pittsburgh, PA 15219
Phone: 412-562-8800
Fax: 412-562-1041
stanley.yorsz@bipc.com
kathleen.goldman@bipc.com

Attorneys for Plaintiff, PNC Bank, National Association

By: /s/Melvin A. Brosterman
Melvin A. Brosterman
Quinlan D. Murphy
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982
Phone: 212-806-5400
Fax: 212-806-6006
mbrosterman@stroock.com
qmurphy@stroock.com

Attorneys for Defendant Neuberger Berman, LLC